FILED

2014 JUL 29 PM 3: 17

David Haas, CBN 165349
6285 East Spring Street #210
Long Beach, CA 90808
Tel.: (714) 491-3720
Fax: (714) 491-3721
davidhaas@earthlink.net

Attorney for Plaintiffs Richard Brown and Kristine Hedley

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

SACV14-01195 SVW (JPRx)

| | |
|---|---|
| RICHARD BROWN, an individual,<br>KRISTINE HEDLEY, an individual,<br><br>*Plaintiffs,*<br><br>v.<br><br>CITY OF ANAHEIM, THE ANAHEIM POLICE DEPARTMENT, CURTIS BRYANT, in his individual and official capacity, KASEY GEARY, in his individual and official capacity, MICHAEL HAGGERTY, in his individual and official capacity, DAVID HERMANN, in his individual and official capacity, ROBERT KENDRICK, in his individual and official capacity, CHAD MEYER, in his individual and official capacity, JEFFREY NORRIS, in his individual and official capacity, RICHARD OLMEDO, in his individual and official capacity, PHILLIP VARGAS, in his individual and official capacity, KENNETH WEBBER, in his individual and official capacity, and DOES 1 THROUGH 10 inclusive, in their personal and official capacities,<br>*Defendants.* | CASE NO.:<br><br>COMPLAINT SEEKING RECOVERY OF DAMAGES BASED UPON:<br><br>1. **VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW (FALSE ARREST, EXCESSIVE FORCE, CONSPIRACY, SUPERVISORY LIABILITY, MALICIOUS PROSECUTION, MONNELL, FREEDOM OF ASSOCIATION AND SPEECH) 42 U.S.C. §§ 1983, 1988**<br><br>**DEMAND FOR JURY TRIAL F.R.C.P. 38(b)** |

BROWN ET. AL. V. CITY OF ANAHEIM ET. AL. - COMPLAINT - Page 1

Plaintiffs allege:

## INTRODUCTION AND PARTIES

1.      This is an action for compensatory and punitive damages to redress the deprivation by Defendants City Of Anaheim ("COA"), and the Anaheim Police Department ("APD") of rights secured by the Constitution and laws of the United States. Those sued as DOES 1 through 10 are also responsible for the causes of action alleged.

2.      Plaintiffs sue currently unidentified defendants at this time by fictitious names and will amend this complaint to allege their true names and capacities when these names are ascertained. All named defendants and DOES 1 through 10 are sued individually and in their official capacities. At all times mentioned in this complaint, defendants COA, APD, and DOES 1 through 10 were acting under color of law (under the color of law of statutes, ordinances, regulations, policies, customs, and usages, of Orange County and the State of California) and within the scope of their employment. At all times mentioned in this complaint all named defendants and DOES 1 through 10 acted jointly and in concert with each other. Each defendant had the duty and opportunity to protect the Plaintiffs but each defendant failed and refused to perform such duty, which proximately caused Plaintiffs' injuries.

3.      Plaintiff Richard Brown ("Brown") is a competent adult and resident of Los Angeles County within the State of California.

4.      Plaintiff Kristine Hedley ("Hedley") is a competent adult and resident of Los Angeles County within the State of California.

BROWN ET. AL. V. CITY OF ANAHEIM ET. AL. - COMPLAINT - Page 2

5. Defendant COA is a public entity or municipal corporation organized and existing under California State law. Defendant COA includes the APD (APD is a political subdivision of defendant COA and is a public entity). At all times mentioned in this complaint, the APD was supervised, controlled, and staffed by defendant COA, it's officers, agents, and employees. Pursuant to California Government Code § 815.2, defendant COA is vicariously liable to Plaintiffs for their injuries and damages alleged. Defendant's acts and omissions, as described below, are not protected by sovereign immunity, qualified immunity, Cal. Civ. Code § 43.55, Government Code § 821.6, or the intra-corporate conspiracy doctrine.

6. Defendant Curtis Bryant ("Bryant") is an employee of APD (Badge # 715 ) and is sued in his individual and official capacity.

7. Defendant Kasey Geary ("Geary") is an employee of APD (Badge # S125) and is sued in his individual and official capacity.

8. Defendant Michael Haggerty ("Haggerty") is an employee of APD (Badge # 136) and is sued in his individual and official capacity.

9. Defendant David Hermann ("Hermann") is an employee of APD (Badge # 398) and is sued in his individual and official capacity.

10. Defendant Robert Kendrick ("Kendrick") is an employee of APD (Badge # 20) and is sued in his individual and official capacity.

11. Defendant Chad Meyer ("Meyer") is an employee of APD (Badge # 601) and is sued in his individual and official capacity.

12. Defendant Jeffrey Norris ("Norris") is an employee of APD (Badge # 144)

and is sued in his individual and official capacity.

13. Defendant Richard Olmedo ("Olmedo") is an employee of APD (Badge # 644) and is sued in his individual and official capacity.

14. Defendant Phillip Vargas ("Vargas") is an employee of APD (Badge # 442) and is sued in his individual and official capacity.

15. Defendant Kenneth Webber ("Webber") is an employee of APD (Badge #489) and is sued in his individual and official capacity.

## JURISDICTION AND VENUE

16. Plaintiffs reallege and incorporate by reference all allegations contained in paragraphs 1 through 15, inclusive.

17. This action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution and the Civil Rights Act, Title 42 of the United States Code §§ 1983 and 1988.

18. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 (Federal question), and under 28 U.S.C. 1343. Venue lies in the Central District of California, the judicial district in which the claim arose, pursuant to 28 U.S.C. 1391(b).

## FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. §1983 (FALSE ARREST)
**(Plaintiff Richard Brown Against Defendants Bryant, Geary, Haggerty, Hermann, Kendrick, Meyer, Olmedo, Vargas, COA, APD, and DOES 1 through 10)**

19. Plaintiffs reallege and incorporate by reference all allegations contained in paragraphs 1 through 18, inclusive.

20. On the afternoon of July 29, 2012, Mr. Brown was standing in front of the Anaheim Police Department on Harbor Boulevard. He was holding a cardboard sign with a Mickey Mouse cartoon that stated "Hey Kids!" and "Check Out My Military Police." Mr. Brown intended to peacefully walk to a candlelight vigil for a man recently killed by Anaheim police officers. Mr. Brown did not challenge law enforcement in any way as he stood in front of the police station. Mr. Brown crossed to the east side of Harbor Blvd. and participated in a small, peaceful gathering of people. After a short period, Mr. Brown then walked north toward Broadway, crossed the street, and continued to walk east on Broadway. Mr. Brown was accompanied by fifty to sixty other peaceful individuals.

As Mr. Brown continued to walk east down Broadway, the law enforcement presence became a swarm of helicopters, motorcycle officers, men in military uniforms hanging off the sides of assorted vehicles, undercover officers in unmarked vehicles, and officers mounted on horses. The number of police officers soon outnumbered the small group that accompanied Mr. Brown. The horse-mounted officers in the street closely shadowed Mr. Brown's progress as he walked with the others along the sidewalk. Mr. Brown neared the intersection of Lemon Street and Broadway. Without warning, defendant Olmedo suddenly turned his horse and sliced into the peaceful group of pedestrians on the sidewalk. Olmedo planted his horse on the sidewalk completely blocking Mr. Brown's forward progress. When Mr. Brown inquired how long Olmedo's surprise blockade would last, Olmedo raised his finger to his mouth indicating Mr. Brown should remain silent.

---

BROWN ET. AL. V. CITY OF ANAHEIM ET. AL. - COMPLAINT - Page 5

Mr. Brown peacefully waited near defendant Olmedo's horse. Mr. Brown never touched Olmedo's horse or bridle. Defendant Olmedo falsely claimed Mr. Brown touched his horse's head and bridle. Defendant Olmedo ultimately moved his horse back into the street and notified defendant Geary that Mr. Brown had touched his horse's head and bridle. Defendant Geary who had not seen Mr. Brown's purported contact with defendant Olmedo's horse, then immediately ordered a specially assembled "Arrest React Team" (defendants Bryant, Haggerty, Hermann, Kendrick, Meyer, Norris, and Vargas) to arrest Mr. Brown. Mr. Brown continued to peacefully walk east along the sidewalk of Broadway Street until he reached the corner of Broadway and Anaheim Boulevard. Mr. Brown stood at that corner with other pedestrians waiting for the light to change so that he could proceed into the street. Brown allowed a picture of him with his sign to be taken in front of several North County SWAT team members. Brown never threatened or challenged those officers. Those North County SWAT team members formed a green wall of officers that isolated Mr. Brown from the small group of people gathered at the corner of Broadway and Anaheim Boulevard.

Mr. Brown was frightened and confused. He had not violated any law. Mr. Brown stated "we're not doing anything." Defendants Bryant, Haggerty, Hermann, Kendrick, Meyer, Norris and Vargas then piled out of an unmarked van that had pulled up alongside Mr. Brown. Those defendants angrily sprinted toward Mr. Brown. No law enforcement officer had issued any order to disperse nor explained to Mr. Brown why they were converging on him. When it became clear the defendants were barreling

down on Mr. Brown, he quickly walked into a courtyard area. Brown briefly saw Plaintiff Hedley on the ground screaming and crying. Defendants pursued Brown as he traveled in a southerly direction back out onto Broadway. Defendants Vargas and Meyer grabbed Mr. Brown's shoulders and violently threw him against a building on Broadway. Defendant Webber then joined in and helped smash Brown, face down, into the pavement. Mr. Brown landed on his arms, stunned and confused. Defendant Hermann punched Brown in the back several times while defendants Kendrick and Meyer wedged a baton under Brown's right arm. Brown did not resist the defendants. Defendant Bryant twisted Brown's hands behind his back to be handcuffed. Defendant Haggerty supervised Brown's unlawful detention and arrest. No law enforcement officer ever issued an order to disperse to the group that included Ms. Hedley at any time on July 29, 2012.

Brown sustained multiple impact bruises and cuts from defendants' unprovoked attack. Defendants each wrote false reports which triggered the filing of three criminal charges against Brown alleging two violations of California Penal Code §600(b), commonly known as interfering with or obstructing a police horse, and one violation of Penal Code §148(a)(1), willfully and unlawfully resisting, delaying, or obstructing a peace officer. That amended criminal complaint, filed on May 21, 2013 was case number 12NM09660. On October 1, 2013, a trial judge dismissed one of the two Penal Code §600(b) violations. On October 4, 2013, a jury acquitted Brown of the other Penal Code §600(b) charge. The trial judge dismissed the remaining Penal Code §148(a)(1) charge.

21. Brown's seizure was unjustified because there was no warrant or legal cause for his detention and arrest. Defendants violated Brown's rights to be free from unreasonable seizure under the Fourth and Fourteenth Amendments.

22. Brown suffered physical injuries, emotional distress, medical care expenses, and humiliation as a direct and proximate act of the above mentioned conduct of the employees, agents, representatives, managing agents, and partners of the above identified and unidentified defendants.

23. Defendants' acts forced Brown to retain legal counsel to defend against the unjustified criminal charges and to institute this action and render legal assistance to vindicate his loss and deprivation of constitutional rights. Defendants' acts were intentional, wanton, malicious, and oppressive, entitling Plaintiff to an award of punitive damages against defendants in their individual capacities. Plaintiff requests payment by defendants, and each of them, of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. §1983 (EXCESSIVE FORCE)
**(Plaintiff Richard Brown Against Defendants Bryant, Hermann, Kendrick, Meyer, Vargas, COA, APD, and DOES 1 through 10)**

24. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 23, inclusive.

25. Defendants Bryant, Hermann, Kendrick, Meyer, Vargas and APD defendants sued as DOES 1 through 10 beat Plaintiff Brown. Defendants twisted Brown's arms and inflicted cuts and bruises.

26. This intentional, negligent, unreasonable, and excessive use of force was the direct and proximate cause of physical injury to Brown's body. Said use of force deprived Brown of his constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure under the Fourth Amendment to the United States Constitution.

27. Brown suffered physical injuries, emotional distress, medical care expenses, and humiliation as a direct and proximate act of the above mentioned conduct of the employees, agents, representatives, managing agents, and partners of the above identified and unidentified defendants.

28. Defendants' acts were intentional, wanton, malicious, and oppressive, entitling Plaintiffs to an award of punitive damages against defendants Bryant, Hermann, Kendrick, Meyer, and Vargas in their individual capacities. Plaintiff requests payment by defendants, and each of them, of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

## VIOLATION OF 42 U.S.C. § 1983 (MALICIOUS PROSECUTION)

**(Plaintiff Richard Brown Against Defendants Bryant, Geary, Haggerty, Hermann, Kendrick, Meyer, Olmedo, Vargas, COA, APD, and DOES 1 through 10)**

29. Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 28, inclusive.

30. On July 29, 2012, Defendants maliciously contrived and intended to injure Brown in his good name, and to bring public disgrace and scandal, with force and arms when they arrested Brown without probable or reasonable cause and without a

BROWN ET. AL. V. CITY OF ANAHEIM ET. AL. - COMPLAINT - Page 9

warrant. These actions were against Brown's will and without his consent and violated his constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, denied Brown due process and equal protection under the Fourteenth Amendment, and was an unreasonable physical seizure under the Fourth Amendment to the United States Constitution.

31.    Defendants Bryant, Hermann, Kendrick, Meyer, Olmedo, and Vargas each subsequently wrote false police reports stating Brown interfered and obstructed their official duties and actions.

32.    Plaintiff Brown was charged with two violations of California Penal Code §600(b) and one violation of Penal Code §148(a)(1).

33.    Defendants Geary, Olmedo, and Vargas all testified under oath in trial against Mr. Brown. The trial judge dismissed one of Brown's two Penal Code §600(b) violations on October 1, 2013. On October 4, 2013, a jury acquitted Brown of the other Penal Code §600(b) charge and the trial judge dismissed the remaining Penal Code §148(a)(1) charge.

34.    Defendants caused the filing of Brown's prosecution without an honest, reasonable, and good faith belief that Brown was guilty of any crime.

35.    As a result of the above, Brown's reputation was injured. He was deprived of his liberty, suffered great mental and bodily distress during his detention and afterwards, and incurred attorney's fees, and other costs and expenses.

36.    Defendant's acts were willful, malicious, and oppressive, entitling Plaintiff to an award of punitive damages against defendants Bryant, Geary, Haggerty,

Hermann, Kendrick, Meyer, Olmedo, and Vargas, in their individual capacities. Defendants were motivated solely by a desire to cover up their illegal beating and seizure and deter Brown from taking legal action against them. Plaintiff requests payment by defendants, and each of them, of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983 (CONSPIRACY)**

**(Plaintiff Richard Brown Against Defendants Bryant, Geary, Haggerty, Hermann, Kendrick, Meyer, Olmedo, Vargas, COA, APD, and DOES 1 through 10)**

37.     Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 36, inclusive.

38.     Defendants Bryant, Geary, Haggerty, Hermann, Kendrick, Meyer, Olmedo, Vargas, COA, APD, and DOES 1 through 10 acting in their individual capacities and under color of law, having conspired together and with others, reached a mutual understanding and undertook a course of conduct that violated Brown's civil rights including:

a.     The defendants agreed and acted to intentionally arrest Brown as described above;

b.     The defendants agreed and acted to falsely fabricate the lie that Brown interfered with their arrest and presented a threat to them before they illegally beat him;

c.     The defendants agreed and acted to intentionally submit false police reports and statements, to support their false version of the unjustified beating and subsequent seizure of Brown.

39.     As a direct and proximate result of the conspiracy between defendants and others as described above, Plaintiff Brown was deprived of his right to be free from unreasonable and unlawful seizure which is secured by the Fourth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

40.     Defendants' acts were intentional, wanton, malicious, and oppressive, entitling Plaintiff to an award of punitive damages against defendants Bryant, Geary, Haggerty, Hermann, Kendrick, Meyer, Olmedo, and Vargas, in their individual capacities. Plaintiff requests payment by defendants, and each of them, of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983 (SUPERVISORY LIABILITY)**

**(Plaintiff Richard Brown Against Defendants Geary, Haggerty, COA, APD, and DOES 1 through 10)**

41.     Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 40, inclusive.

42.     Defendants Geary and APD personnel sued as DOES 1 through 10, in the exercise of due diligence should have investigated defendant Olmedo's false claim that Brown had touched Olmedo's horse. Defendant Haggerty should have investigated and properly supervised subordinates to prevent Brown's violent seizure by defendant officers Bryant, Hermann, Kendrick, Meyer, and Vargas.

43.    Defendants Geary and Haggerty and DOES 1 through 10 failed to take any preventative or remedial measures to guard against the conduct of other defendant officers. Had the APD personnel taken such measures, Plaintiff would not have suffered the deprivation of his rights. The failure amounted to deliberate indifference or deliberate misconduct, which directly caused Plaintiffs' deprivations. APD failed to instruct, train, supervise, and discipline Bryant, Geary, Haggerty, Hermann, Kendrick, Meyer, Norris, Olmedo, and Vargas and said failures caused Plaintiffs' damages.

44.    As a direct and proximate result of the above described unlawful and malicious acts of defendants, Brown was deprived of his rights to be secure against the unlawful and unreasonable seizure of his person in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution.

45.    Defendants' acts were intentional, wanton, malicious, and oppressive, entitling Plaintiffs to an award of punitive damages against defendant Does 1 through 10 and in their individual capacities. Plaintiff requests payment by defendants, and each of them, of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. § 1983 (MONNELL)**

**(Plaintiffs Richard Brown and Kristine Hedley Against Defendants Bryant, Geary, Haggerty, Hermann, Kendrick, Meyer, Norris, Olmedo, Vargas, COA, APD, and DOES 1 through 10)**

46.    Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 45, inclusive.

47.    At all times material to this complaint, Defendant COA through its Police Department, APD, and its associated chief, deputies, and supervisors, pursued de facto

policies, practices, and customs, that were a direct and proximate cause of Brown's unconstitutional seizure and other asserted deprivations of constitutional rights described above.

48.    These policies, practices, and customs include:

(a)    failure to properly hire, screen, supervise, discipline, transfer, counsel, or control police officers who are known or who should have been known to engage in the fabrication of justifications for probable cause to search or seize persons, and use of excessive force especially those officers accused of such improper acts;

(b)    maintenance of a custom and policy of deliberate indifference regarding the need to train deputies in the proper techniques of the use of force and weapons against unarmed civilians;

(c)    ratification of acts of improper search or seizure, or use of force with knowledge of their illegality;

(d)    allowing and/or encouraging employees to harm members of the public by failing to prevent and/or curb an institutional code of silence, which keeps and/or dissuades law-abiding employees from reporting the misdeeds of fellow employees.

49.    Said policies and practices manifested a policy of deliberate indifference to constitutional rights and encouraged individual defendants to commit the unjustified beating and arrest of Plaintiff and were the direct and proximate cause of the above described constitutional violations.

50.    Plaintiff requests payment by Defendants, and each of them, of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 1983 (FIRST AMENDMENT)

**(Plaintiff Richard Brown Against Defendants Bryant, Geary, Haggerty, Hermann, Kendrick, Meyer, Olmedo, Vargas, COA, APD, and DOES 1 through 10)**

51.    Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 50, inclusive.

52.    The unlawful actions of defendants subjected plaintiffs to the deprivation of rights secured by the First Amendment particularly their rights to association and speech.

53.    Brown and Hedley suffered physical injuries, emotional distress, medical care expenses, and humiliation as a direct and proximate act of the above mentioned conduct of the employees, agents, representatives, managing agents, and partners of the above identified and unidentified Defendants.

54.    Defendants' acts were intentional, wanton, malicious, and oppressive, entitling Plaintiffs to an award of punitive damages against Defendants Bryant, Hermann, Kendrick, Meyer, Norris, and Vargas in their individual capacities. Plaintiff requests payment by Defendants, and each of them, of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. §1983 (FALSE ARREST)

**(Plaintiff Kristine Hedley Against Defendants Norris, Vargas, COA, APD, and DOES 1 through 10)**

55.    Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 54, inclusive.

56.    On the afternoon of July 29, 2012, Ms. Hedley was standing in front of the Anaheim Police Department on Harbor Boulevard. She was holding a cardboard sign. Ms. Hedley intended to peacefully walk to a candlelight vigil for a man recently killed by Anaheim police officers. Ms. Hedley did not challenge law enforcement in any way as she stood in front of the police station. Ms. Hedley crossed to the east side of Harbor Blvd. and participated in a small, peaceful gathering of people. After a short period, Ms. Hedley then walked north toward Broadway, crossed the street, and continued to walk east on Broadway. Ms. Hedley was accompanied by fifty to sixty other peaceful individuals.

As Ms. Hedley continued to walk east down Broadway, the law enforcement presence swelled to include helicopters, motorcycle officers, men dressed in military uniforms hanging off the sides of assorted vehicles, undercover officers in unmarked vehicles, and officers mounted on horses. The number of police officers soon outnumbered the small group that accompanied Ms. Hedley. Ms. Hedley saw several mounted police officers drive their horses into the front part of the group which proceeded her on Broadway.

Ms. Hedley continued to peacefully walk east along the sidewalk of Broadway Street taking note of the increasing numbers of police officers behind her, in the street beside her, and ahead of the pedestrians. Ms. Hedley sensed the officers were slowly surrounding and constricting the group. She grew fearful. Suddenly several people

started screaming and running on the sidewalk. Ms. Hedley did not know what had happened but decided to leave the group and walk into a court yard area. As she entered the court yard area she saw Mr. Brown being chased by several men. Defendant Vargas plowed right through her slamming her to the pavement. Ms. Hedley screamed and cried in pain. Her back was injured but defendant Norris lifted her to her feet, handcuffed her, and walked her to a waiting police vehicle. Ms. Hedley did not resist or obstruct defendant Norris in any way. No law enforcement officer ever issued an order to disperse to the group that included Ms. Hedley at any time on July 29, 2012.

Ms. Hedley was charged with one violation of Penal Code §409 (failure to disperse), one violation of Penal Code §416(a) (failure to disperse), and one violation of Penal Code §148(a)(1) - willfully and unlawfully resisting, delaying, or obstructing a peace officer. On November 7, 2012, Anaheim Deputy City Attorney Easterson issued a letter to Ms. Hedley stating that the Anaheim City Attorney's Office had declined to issue a criminal complaint.

**NINTH CAUSE OF ACTION**

**VIOLATION OF 42 U.S.C. §1983 (EXCESSIVE FORCE)**

**(Plaintiff Kristine Hedley Against Defendants Norris, Vargas, COA, APD, and DOES 1 through 10)**

57.     Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 56, inclusive.

58.     Defendants Norris, Vargas and APD defendants sued as DOES 1 through 10 slammed Plaintiff Hedley to the ground and inflicted back injuries, cuts and bruises.

59.    This intentional, negligent, unreasonable, and excessive use of force was the direct and proximate cause of physical injury to Hedley's body. Said use of force deprived Hedley of her constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure under the Fourth Amendment to the United States Constitution.

60.    Hedley suffered physical injuries, emotional distress, medical care expenses, and humiliation as a direct and proximate act of the above mentioned conduct of the employees, agents, representatives, managing agents, and partners of the above identified and unidentified Defendants.

61.    Defendants' acts were intentional, wanton, malicious, and oppressive, entitling Plaintiff to an award of punitive damages against Defendants Norris, Vargas in their individual capacities. Plaintiff requests payment by defendant, and each of them, of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

## TENTH CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. § 1983 (FIRST AMENDMENT)
(Plaintiff Kristine Hedley Against Defendants Norris, Vargas, COA, APD, and DOES 1 through 10)

62.    Plaintiff realleges and incorporates by reference all allegations contained in paragraphs 1 through 61, inclusive.

63.    The unlawful actions of defendants subjected Plaintiff to the deprivation of rights secured by the First Amendment particularly her rights to association and speech.

64. Ms. Hedley suffered physical injuries, emotional distress, medical care expenses, and humiliation as a direct and proximate act of the above mentioned conduct of the employees, agents, representatives, managing agents, and partners of the above identified and unidentified defendants.

65. Defendants' acts were intentional, wanton, malicious, and oppressive, entitling Plaintiffs to an award of punitive damages against defendants Norris and Vargas in their individual capacities. Plaintiff requests payment by defendants, and each of them, of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

Plaintiffs pray for judgment jointly and severally against each Defendant as follows:

1. For general damages according to proof;

2. For special damages according to proof including:

   a) $5,000.00 dollars in medical bills;

   b) $5,000.00 dollars in legal fees for defense of Plaintiff Brown's criminal case;

3. For punitive damages against individual defendants whose malicious conduct and recklessness demonstrated a conscious disregard of Plaintiffs' rights, in an amount to be determined at trial;

4. For costs of suit and reasonable attorney's fees as permitted by law including those pursuant to 42 U.S.C. § 1988 in an amount to be determined at trial;

5. For such further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial pursuant to F.R.C.P. 38(b).

DATED: 7-29-14

David Haas, Esq.
Attorney for Plaintiffs

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Central District of California

Richard Brown, an individual
Kristine Hedley, an individual

*Plaintiff(s)*

v.

CITY OF ANAHEIM, THE ANAHEIM POLICE DEPARTMENT, CURTIS BRYANT, in his individual and official capacity, KASEY GEARY, in his individual and official capacity, MICHAEL HAGGERTY, in his individual and official capacity, DAVID HERMANN, in his individual and official capacity, ROBERT KENDRICK, in his individual and official capacity, CHAD MEYER, in his individual and official capacity, JEFFREY NORRIS, in his individual and official capacity, RICHARD OLMEDO, in his individual and official capacity, PHILLIP VARGAS, in his individual and official capacity, KENNETH WEBBER, in his individual and official capacity, and DOES 1 THROUGH 10 inclusive, in their personal and official capacities,

*Defendant(s)*

Civil Action No. **SACV14-01195 SVW (JPRx)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   David Haas
6285 East Spring Street # 210
Long Beach, CA  90808

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ___7-29-14___

_Lori Wagers_

*Signature of Clerk or Deputy Clerk*

LORI WAGERS

**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Richard Brown, an individual
Kristine Hedley, an individual

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

City Of Anaheim, The Anaheim Police Department, Curtis Bryant, Kasey Geary, Michael Haggerty, David Hermann, Robert Kendrick, Chad Meyer, Jeffrey Norris, Richard Olmedo, Phillip Vargas, Kenneth Webber, DOES 1through 10

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** Orange
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.
David Haas, 6285 East Spring Street #210, Long Beach, CA  90808
(714) 491-3720 - davidhaas@earthlink.net

**Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §§ 1983, 1988 - Deprivation of federal civil rights by police misconduct.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: SACV14-01195 SVW (JPRx)

CIVIL COVER SHEET

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? ☐ Yes ☒ No If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? ☐ Yes ☒ No If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☒ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action? ☐ Yes ☒ No If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |

| **D.1. Is there at least one answer in Column A?** ☒ Yes ☐ No If "yes," your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question E, below, and continue from there. If "no," go to question D2 to the right. ➡ | **D.2. Is there at least one answer in Column B?** ☐ Yes ☒ No If "yes," your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question E, below. If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | SOUTHERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

CV-71 (06/14)                    CIVIL COVER SHEET                    Page 2 of 3

CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**?    ☒ NO    ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☒ A. Arise from the same or closely related transactions, happening, or event;

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____    DATE: _____July 29, 2014_____

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |